STATE OF NORTH CAROLINA    IN THE GENERAL COURT OF JUSTICE
COUNTY OF CABARRUS    SUPERIOR COURT DIVISION
                                  14 CVS _____

FILED
2014 OCT 24 P 12
CABARRUS COUNTY, C.S.C.
BY_____

KHRISTINE LYNN WELLS,

     Plaintiff,

     v.

SANTANDER CONSUMER USA, INC,

     Defendant.

**COMPLAINT**
(Jury Trial Demanded)

**NOW COMES** Khristine Lynn Wells (hereinafter "Wells") by and through counsel, and makes this Complaint against Defendant Santander Consumer USA, Inc., (hereinafter "Santander") alleging and saying as follows:

## INTRODUCTION

This is an action for damages brought by an individual consumer for Defendant's violations of the North Carolina Debt Collection Act (hereinafter "NCDCA") at N.C. Gen. Stat. § 75-50, *et seq.*, and the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*,( hereinafter "TCPA").

## JURISDICTION

1.     This action arises out of the North Carolina Debt Collection Act (hereinafter NCDCA) at N.C. Gen. Stat. § 75-50, *et seq.*, and the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*,("TCPA"), and out of the invasion of Plaintiff's personal and financial privacy by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

EXHIBIT 1

1

2. Venue is proper in this District because the acts and transactions occurred in Cabarrus County, North Carolina, Plaintiff resides in Cabarrus County, North Carolina and the Defendant transacts business in Cabarrus County, North Carolina.

## PARTIES

3. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

4. Plaintiff Khristine Lynn Wells is a natural person residing in the city of Concord, County of Cabarrus, and State of North Carolina.

5. Plaintiff is a "consumer" as defined by N.C. Gen. Stat. § 75-50(1) as "any natural person who has incurred a debt or alleged debt for personal, family, household or agricultural purposes."

6. Defendant Santander is, upon information and belief, an automotive finance company organized under the laws of the state of Illinois, with a principal office and place of business in Dallas, Texas.

7. At all times relevant Defendant was and is a "debt collector" as defined by the N.C. Gen. Stat. § 75-50(3) as "any person engaging, directly or indirectly, in debt collection from a consumer."

8. At all times relevant to the subject matter of this Complaint, the Defendant was involved in business activities in this state including collecting or attempting to collect payments and was therefore engaged in commerce in North Carolina.

9. The Defendant is engaged in the collection of debts from North Carolina consumers using the mail, internet, telephone and court system among other means.

2

10. The alleged debt in this matter was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by N.C. Gen. Stat. § 75-50(2).

## Factual Allegations

11. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

12. Ms. Wells purchased a used 2006 Chevrolet Malibu from Hendrick Toyota Scion Concord on September 13, 2013. The auto was purchased for personal, family and/or household purposes. The Defendant provided the financing for the purchase of the car.

13. Ms. Wells provided the Defendant with her home telephone number as well as the cellular phone number of her boyfriend and co-signor, Lance Randall Blair on the loan application.

14. Ms. Wells specifically did not list her cellular number on the application.

15. In the spring of 2014 Ms. Wells was unable to make her monthly payments to the Defendant and the account went into default.

16. Sometime thereafter Santander began a campaign of harassment via telephone against Ms. Wells in attempts to collect this alleged debt.

17. Santander placed calls to Plaintiff's cellular and home telephone as well as to her boyfriend's cellular number on at least the following days during June, and July 2014: June 2, June 4, June 4, June 6, June 7, June 8, June 10, June 10, June 10, June 12, June 12, June 12, June 13, June 13, June 13, June 13, June 14, June 15, June 16, June 16, June 16, June 16, June 16, June 17, June 17, June 18, June 19, June 20, June 20, June 21, June 22, June 23, June 24, June 25, June 26, June 26, June 27, June 27, June 27, June 29, June

3

30, July 1, July 2, July 2, July 3, July 3, July 5, July 5, July 5, July 11, July 11, July 11, July 11, July 13, and July 14, and either speaking with Ms. Wells and/or leaving voicemails nearly every time it called.

18. Many of these messages were left twice and within minutes of one another.

19. Santander never disclosed to Ms. Wells in its verbal communications with her that it was attempting to collect a debt and that the purpose of each such communication was to collect a debt.

## FIRST CAUSE OF ACTION

### Violations of the North Carolina Debt Collection Act.
### N.C. Gen. Stat. §75-50, *et. seq.*

20. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

21. Defendant in placing such numerous calls to Ms. Wells for several months has caused her telephone to ring and engaged her in telephone conversation with such frequency as to be unreasonable and to constitute harassment to her in violation of N.C. Gen. Stat. § 75-52(3).

22. Defendant in placing such numerous calls to Ms. Wells has engaged in conduct the natural consequence of which is to oppress, harass, or abuse a person in connection with the attempt to collect a debt in violation of N.C. Gen. Stat. § 75-52.

23. The communications with Ms. Wells were fraudulent, deceptive or misleading in that Defendant failed to disclose in its communications to collect a debt that the purpose of such communication was to collect a debt in violation of the NCDCA at N.C. Gen. Stat. §

4

75-54(2).

24. As a result of Defendant's violations of N.C. Gen. Stat. §75-50, *et seq.*, (as described above) Plaintiff is entitled to actual damages, statutory damages in an amount not less than $500.00 but no greater than $4,000.00 per violation and punitive damages as well as reasonable attorney's fees and costs pursuant to N.C. Gen. Stat. §75-56(b) and §75-16.1.

25. The actions of Defendant and its agents have proximately caused injury to the Plaintiff in the form of emotional distress, humiliation, embarrassment, mental anguish, and have caused her to accrue fees and other expenses.

26. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the North Carolina Debt Collection Act, including but not limited to, all of the above mentioned provisions as well as an invasion of Plaintiff's privacy and resulted in actual damages to Plaintiff.

## SECOND CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

27. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

28. Defendant, in using abusive and predatory tactics and communications has negligently caused severe emotional distress to the Plaintiff in violation of North Carolina common law.

29. It was foreseeable that the actions engaged in by Defendant would cause the Plaintiff severe emotional distress.

30. Defendant's conduct did in fact cause Plaintiff severe emotional distress.

5

31. As a result of Defendant's Negligent Infliction of Emotional Distress, the Plaintiff is entitled to actual damages, compensatory damages and punitive damages as determined by a jury.

## THIRD CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

32. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

33. Defendant's conduct described herein is extreme and outrageous.

34. Defendant, in using abusive and predatory tactics and communications, has willfully and intentionally caused severe emotional distress to the Plaintiff and shown a reckless indifference to the likelihood that its conduct would cause severe emotional distress in violation of North Carolina common law.

35. Plaintiff has suffered severe emotional distress.

36. As a result of Defendant's Intentional Infliction of Emotional Distress, the Plaintiff is entitled to actual damages, compensatory damages and punitive damages as determined by a jury.

## FOURTH CAUSE OF ACTION

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C §227, *et seq.*

37. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

38. Defendant placed telephone calls to Plaintiff's cellular telephone without her express consent or authorization to be contacted at that number.

39. None of Defendant's telephone calls placed to Plaintiff were for "emergency

6

purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

40. Defendant willfully or knowingly violated the TCPA by placing calls to Plaintiff's cellular telephone without her express consent.

41. The above-detailed conduct by Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the TCPA, as well as an invasion of Plaintiff's privacy and resulted in actual damages to Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays the Court to:

1. Award her actual damages in an amount to be determined at trial, $4000 in statutory damages per violation alleged herein and punitive damages pursuant to N.C. Gen. Stat. §75-56(b) from Defendant.

2. Award her damages against the Defendant in an amount to be determined at trial that will fairly and reasonably compensate her for the emotional distress, aggravation, annoyance, and inconvenience suffered as a result of the Defendant's unlawful acts;

3. Declare that Defendant's calls violated the TCPA; for an award of actual damages in an amount to be determined at trial and $500.00 in statutory damages per violation and $1,500.00 for each willful or knowing violation pursuant to 47 U.S.C. §227(b)(3);

4. Award her punitive damages if by law allowed.

5. Award her the costs of litigation and reasonable attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1 from Defendant.

6. Award her the costs of suit, any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest from Defendant.

7. Grant trial before a jury on all issues so triable.

7

8. Grant such other and further relief as the Court deems just and proper.

This the 23 day of October, 2014.

Travis E. Collum
Collum & Perry, PLLC
Attorney for Plaintiff
NC Bar No. 29158
Post Office Box 1739
Mooresville, NC 28115
Telephone: 704-663-4187
Facsimile: 704-663-4178

8